**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM T. CARTER, | ) | CASE NO. 3:13 CV 1035 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| JOHN COLEMAN, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner William T. Carter filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  Carter is currently incarcerated in the Allen Oakwood Correctional Institution, having been convicted in October 2009 of aggravated robbery with a repeat violent offender specification and kidnapping with an a repeat violent offender specification.  He asserts four grounds for relief in his Petition: (1) he was denied due process because he pled guilty not realizing he could receive consecutive sentences; (2) he was denied the effective assistance of trial counsel; (3) he was denied the effective assistance of appellate counsel; and (4) the trial court abused its discretion by ruling his Motion to Withdraw Guilty Plea was barred by *res judicata*.  For the reasons set forth below, the Petition is denied and this action is dismissed.

## I.       Procedural Background

In October 2009, the Allen County Grand Jury entered an amended indictment against Carter on one count of kidnapping in violation of Ohio Revised Code § 2905.02(A)(2) with a repeat violent

offender specification; and one count of aggravated robbery in violation of Ohio Revised Code § 2911.01(A)(3) also with a repeat violent offender specification. At a change of plea hearing, Carter pled guilty to both counts. After conducting an Ohio Crim. R. 11 plea colloquy, the trial court accepted Carter's guilty pleas with the defense reserving the right to argue the issue of merger. Carter was sentenced on December 16, 2009 to ten years on each count and to an additional ten years for the repeat violent offender specifications. The sentences for kidnapping and aggravated robbery ran concurrent with each other, but consecutive to the sentences for the repeat violent offender specifications, for a total of twenty years in prison.

Carter appealed his conviction and sentence to the Ohio Third District Court of Appeals, arguing that the trial court erred in sentencing him on both convictions, as they were allied offenses of similar import. He contended the trial court was only permitted to sentence him on one charge. The Court of Appeals sustained Carter's sole assignment of error and remanded the case for resentencing with instructions for the trial court to permit the State to elect one offense upon which a single sentence would be imposed. *See State v. Carter*, No. 1-11-36, 2011 WL 5904468, at * 1 (Ohio App. 3 Dist. Nov. 28, 2011)(discussing prior procedural history).

On April 6, 2011, Carter filed a Motion to Withdraw his Guilty Plea pursuant to Crim. R. 32.1 with the trial court claiming that his plea was invalid because he was not aware that the sentences could run consecutively. He argued his Motion should be considered to be a "presentence" Motion and should be "freely and liberally granted" because he filed it after his case was remanded. *Id*. The trial court held a hearing on June 16, 2011, and denied the Motion. The court reasoned that *res judicata* deprived the court of jurisdiction to consider the Motion because Carter could have raised the issue on direct appeal and did not file a petition for post conviction relief within the

statutory time period.

The trial court then conducted a new sentencing hearing to correct the procedural error from Carter's original sentence.  At that time, the State elected that Carter be sentenced for the aggravated robbery conviction and the trial court merged the kidnapping conviction into it.  Carter received a ten-year sentence for aggravated robbery to be served consecutive to the ten-year term he received for the repeat violent offender specification for a total sentence of twenty years in prison.

Carter filed a timely appeal of the denial of his Motion to Withdraw Guilty Plea on July 13, 2011.  He asserted four assignments of error:

> 1. The trial court erred in overruling [Carter's] pre-sentence motion to withdraw his guilty plea without hearing;
>
> 2. Ineffective assistance of trial counsel;
>
> 3. Intelligent, knowing, and voluntary waiver of constitutional rights;
>
> 4. Ineffective assistance of appellate counsel.

*Id.* at *2.

In support of the first assignment of error, Carter asserted that the trial court should have considered his motion to withdraw his guilty plea as a "presentence motion."  The Court of Appeals disagreed and affirmed the trial court's finding that the motion was not timely filed and the trial court no longer had jurisdiction to consider it.

In his second and third assignments, Carter claimed his trial counsel did not properly inform him that the repeat violent offender specification would run consecutively to his sentence for aggravated robbery/kidnapping.  He also claimed his plea was not knowingly, intelligently, and voluntarily made.  The Court of Appeals also overruled these assignments of error finding that they

could and should have been raised in his original appeal.

Finally, Carter alleged in his fourth assignment of error that he was denied the effective assistance of appellate counsel when his counsel did not sufficiently correct the defects of the earlier proceedings.  The Court of Appeals found the proper procedure for asserting ineffective assistance of appellate counsel was an application to re-open appeal pursuant to Ohio App. Rule 26(b); however, the time for filing such an application had expired.  The decision of the trial court was affirmed on November 28, 2011.

Carter appealed that decision to the Ohio Supreme Court on February 13, 2012.  He asserted four propositions of law:

> 1.  A motion to withdraw a guilty plea following the imposition of an unauthorized by law sentence must be considered as a presentence motion and be freely and liberally granted.
>
> 2.  *Res judicata* does not apply to a motion to withdraw guilty plea when a sentence is unauthorized by law and/or void based on a failure to impose allied offenses of similar import per R.C. 2941.25.
>
> 3.  A defendant's guilty plea is not made knowingly, voluntarily, and/or intelligently if he is not informed of the maximum penalty involved if the total sentence which can be imposed as to allied offenses.
>
> 4.  Trial counsel provides ineffective assistance by failing to inform the defendant of the maximum penalty involved.

*State of Ohio v. Carter*, No. 2012-0275 (Ohio S. Ct. filed Feb. 13, 2012).  The Ohio Supreme Court declined to accept jurisdiction.

After the Court of Appeals denied the appeal of his Motion to Withdraw Guilty Plea, Carter attempted to appeal his resentencing by filing a Motion for Leave to File a Delayed Appeal pursuant to Ohio App. R. 5(A).  The Court of Appeals denied the Motion on December 27, 2011, stating that

-4-

it did not set forth sufficient reason for his failure to file a timely notice of appeal.

Carter appealed that decision to the Ohio Supreme Court on February 2, 2012.  He asserted two propositions of law:

> 1.  The Third District abused its discretion in denying Appellant's Motion for Leave to File Delayed Appeal.
>
> 2.  Counsel provides ineffective assistance by failing to consult with defendant about filing a timely appeal from the re-resentencing.  Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution.

The Ohio Supreme Court denied leave and dismissed the appeal on February 6, 2012.

Carter filed a Post Conviction Petition in the trial court on January 13, 2012, asserting a claim for ineffective assistance of counsel.  The Petition was dismissed without a hearing on January 27, 2012.  Carter filed an appeal of that decision, asserting that the trial court erred when it did not conduct a hearing on his petition, did not grant him the opportunity to respond to the State's motion, applied the doctrine of *res judicata*, and did not grant him the relief he sought.  The appeal was dismissed on September 25, 2012 on the grounds that the trial court was not required to hold a hearing on the Post Conviction Petition and was correct in applying the doctrine of *res judicata*.  Carter filed an appeal of that decision to the Ohio Supreme Court on November 5, 2012.  The Supreme Court declined jurisdiction on February 20, 2013.

Carter filed a Motion for New Case Law Post Conviction Petition in the trial court on March 21, 2013.  He claimed he entered into a "shotgun conviction disguised as a negotiated guilty plea with the ineffectiveness of trial counsel."  (ECF No. 7 at 24.)  He contended he would not have agreed to plead guilty but for coercion and ineffective assistance of counsel.  That Motion was denied on April 4, 2013.  The trial court indicated Petitioner's claims could and should have been

raised in the direct appeal of his conviction and were now barred by *res judicata*.  Carter filed an

appeal of the denial of that Motion on May 2, 2013.  That appeal is still pending.

Without waiting for a decision on his appeal, Carter filed the within Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. §2254 on May 7, 2013.  He asserts four grounds for relief:

> 1.  Petitioner was denied [the] right to due process of law as
> guaranteed by the 5th, 6th, and 14th Amendment[s] with the U.S.
> Constitution when the State Court failed to correct a manifest
> injustice that precluded a knowingly, intelligently and voluntary plea.
>
> 2.  Petitioner was denied the effective assistance of [trial] counsel as
> guaranteed by the 6th Amendment to the U.S. Constitution during
> plea negotiations and sentencing and the arraignment.[1]
>
> 3.  Petitioner was denied the effective assistance of counsel and due
> process on Appeal as guaranteed by the 6th and14th Amendment to
> the U.S. Constitution when counsel failed (1) to raise significant
> obvious[ly] stronger valid issues, (2) inform him of App. R. 26(b)
> procedures which resulted in forfeiture of timely proceedings itself.
>
> 4.  Trial court abused its discretion when it ruled petitioner's motion
> to withdraw guilty plea [was] barred on *res judicata* when there
> wasn't an [sic] final appealable order on judgment and conviction
> remanded and reversed from 3rd District Court of Appeals violating
> defendant's due process of the 14th Amendment.

(ECF No. 1 at 5-11).

In support of his first ground, Carter claims he was not informed of the mandatory maximum

consecutive sentences that would accompany his guilty plea.  He further asserts he was not aware

of "the sentencing statute of 'Allied Offenses' of similar import hearing for the prior conviction

determination was never held during the change of plea hearing with regard to the repeat violent

offender specification."  (ECF No. 1 at 5)  He claims that the repeat violent offender ("RVO")

---

[1]Carter states he was denied the effective assistance of appellate counsel but the supporting
facts clearly demonstrate he intended to assert a claim of ineffective assistance of trial counsel.

specifications must be run concurrent under Ohio law.

In support of his second ground for relief, Carter contends he was denied the effective assistance of counsel during his arraignment, plea negotiations, and sentencing.  He again states he was not advised of maximum mandatory sentences or that those sentences could be ordered to be served consecutively, including his sentence for the RVO specification.  He contends he pled guilty because he believed he would be sentenced to ten years in prison, not the twenty years which he received.

Carter's third ground for relief argues he was denied the effective assistance of appellate counsel.  He asserts his appellate counsel did not raise on direct appeal that he was not properly informed of the mandatory maximum consecutive sentences or the nature of allied offenses.  He claims his attorney did not raise on appeal that the trial judge's presence and assurance of a concurrent sentence influenced him to accept the plea deal when concurrent sentences were not available to him by statute.  He claims his attorney did not challenge the fact that the plea deal did not benefit Carter as he pled guilty to the indictment as charged.

Finally, in support of his fourth ground for relief, Carter claims the trial court abused its discretion when it held his motion to withdraw guilty plea was barred by *res judicata*.  He claims it should have been treated as a pretrial motion because his sentence had been reversed and remanded by the Ohio Court of Appeals.

After filing this federal habeas petition, Carter filed a Motion to Vacate Void RVO Sentence on June 21, 2013 in the Allen County Court of Common Pleas.  He asserted first that the court disregarded non-discretionary statutory requirements in determining whether he met the definition of a repeat violent offender and whether his prior conviction was equivalent to a first or second

-7-

degree felony.  He also asserted that he did not meet the statutory definition of a repeat violent offender.  The trial court denied the Motion on June 25, 2013 stating that the claim for post conviction relief was time-barred by limits contained in Ohio Revised Code § 2953.21(A)(2) and was barred by *res judciata* because it could have been raised on direct appeal.  Carter filed an appeal of that order to the Ohio Third District Court of Appeals on July 3, 2013.  That appeal is also still pending.

## II.      Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).  The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)).  Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*,  512 F.3d 768, 774-76 (6th Cir. 2008).  The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based

-8-

on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774-76 (6th Cir. 2008).

A decision is contrary to clearly established federal law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id*. at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id*. at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflicts with clear and convincing evidence to the contrary. *Id*. "This standard requires the federal courts to give considerable deference to state-court decisions." *Forensic v. Birkett*, 501 F.3d 469, 472 (6th Cir.2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

## III.     Procedural Barriers to Habeas Review

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles. Specifically, the petitioner must surmount the barriers of exhaustion, and procedural default.

As a general rule, a state prisoner must exhaust all possible state remedies or have no

remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the petitioner must recite "chapter and verse" of constitutional

-10-

law, but the petitioner is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary.  *See Coleman*, 501 U.S. at 735.

A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751.  "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation.  *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).  If a petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review only federal claims that were evaluated on the

merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

    A.  <u>Exhaustion of State Court Remedies</u>

    In this case, Carter contends his first and second grounds for relief are unexhausted.  He argues that because his appeal of the denial of his Motion to Vacate Void RVO and his appeal of the denial of his Motion for New Case Law Post Conviction Petition are still pending before the Ohio Third Circuit Court of Appeals, this Court should stay this case until he has completed these appeals.

    The issues pending on appeal, however, have no impact on this Habeas Petition.  The Motion to Vacate Void RVO asserts Carter did not meet the statutory definition of a Repeat Violent Offender.  He did not assert this claim in his Habeas Petition, and therefore the outcome of that appeal in state court will have no effect on the Habeas Petition before this Court.

    Carter's Motion for New Case Law Post Conviction Petition also has no impact on this Habeas Petition.  At best, it does nothing more than reargue a claim repeatedly asserted and rejected in the state courts.  He claims in that Motion that he entered into a "shotgun conviction disguised as a negotiated guilty plea with the ineffectiveness of trial counsel."  Although worded in a slightly different way, this assertion is simply the same ineffective assistance of trial counsel during plea negotiations claim he asserted in his Motion to Withdraw Guilty Plea, the appeal of his re-sentencing, and his Post Conviction Petition.  All of these were appealed to the Third District Court of Appeals, which indicated the claim could have been raised in his direct appeal and was now barred by *res judicata*.  In fact, in denying his Motion for New Case Law Post Conviction Petition, the trial court pointed out that the Ohio Court of Appeals had already determined this claim was

-12-

barred by *res judicata,* and stated, "Certainly, if it was *res judicata* then, it is *res judicata* now." (ECF No. 7 at 23).

Despite his numerous filings, Carter's final ground for relief is unexhausted because it was asserted as a violation of federal law for the first time in his habeas petition. In this Petition, Carter asserts the trial court abused its discretion by considering his motion to withdraw guilty plea as a post judgment motion instead of a presentence motion and this decision denied him Due Process under the Fourteenth Amendment. In his appeal to the Ohio Third District Court of Appeals, he asserted only that the trial court erred in overruling his pre-sentence motion to withdraw his guilty plea without hearing. Similarly in his appeal to the Ohio Supreme Court he asserted his motion to withdraw a guilty plea following the imposition of an unauthorized by law sentence must be considered as a presentence motion and be freely and liberally granted. For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz*, 731 F.2d at 369. Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong*, 142 F.3d at 322. Because Carter presented the claim as a violation of federal constitutional law for the first time in this Petition, it is unexhausted.

B. Procedural Default

Where a habeas petition contains unexhausted claims, there is a "strong presumption" in favor of requiring a petitioner to return to state court to pursue his available state remedies. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). Where return to state court would be futile as no reasonable avenue of review remains open, the claims are considered to be procedurally defaulted. *See O'Sullivan*, 526 U.S. at 847–48; *Harris v. Reed*, 489 U.S. 255, 260–62 (1989). The Ohio courts

-13-

considering Carter's claim that his Motion to Withdraw Guilty Plea should be considered as a presentence motion uniformly held the claim was barred by the doctrine of *res judicata* because it could have and should have been raised in his direct appeal. Return to state court to assert this claim under a new legal theory would be futile.

This Court cannot proceed to the merits of the claims in this Petition, because they are all procedurally defaulted. A claim is procedurally defaulted to bar habeas relief when: (1) there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) whether the state courts actually enforced the state procedural sanction; and (3) whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986).

Carter's first and second grounds for relief were raised in his Motion to Withdraw Guilty Plea, his Appeal of his Re-Sentencing, and in his first Post Conviction Petition, and were raised in appeals to the Ohio Court of Appeals and the Ohio Supreme Court. For each motion, petition and appeal, the state courts unanimously determined the claims were barred by *res judicata* because they could have and should have been raised on Carter's direct appeal. Carter was unable to present these claims on the merits to the state courts because he was barred by a state procedural rule. Carter's fourth ground for relief was also barred from review by the doctrine of *res judicata*. The Ohio *res judicata* doctrine is considered an "adequate and independent" state ground to foreclose federal court review in habeas. *See Buell v. Mitchell,* 274 F.3d 337, 348-49 (6th Cir. 2001); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir.1999). These claims are procedurally defaulted.

Carter's third ground for relief asserting a claim for ineffective assistance of appellate counsel

-14-

was also barred by the state courts from consideration on the merits.  Carter contends his appellate counsel was not effective because he did not assert assignments of error in his appeal challenging his guilty plea, nor did he challenge the trial counsel's effectiveness.  Carter attempted to exhaust this claim by filing a Motion to Re-Open Appeal pursuant to App. Rule 26(B).  The Court of Appeals denied the motion stating his motion was untimely filed and he did not show good cause for failing to comply with the time requirements.  He appealed that decision to the Ohio Supreme Court, which would not accept jurisdiction to hear the appeal.

For the time limitation of Rule 26(B) to be considered an "adequate and independent" state ground which forecloses federal review, the state rule concerning the application of the rule must be firmly established and regularly followed at the time it was applied to the case.  *Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002).  The Sixth Circuit has not been uniform in its determination as to whether the time limitation of Rule 26(B) has been applied regularly and consistently.  *In Franklin v. Anderson*, 434 F.3d 412, 420-21 (6th Cir. 2006), the court, after an extensive review of Ohio Supreme Court cases, concluded that for capital cases the rule has received "fluctuating treatment" and thus is not an "adequate and independent" state rule under *Maupin*.  *See also Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005)(vacated on other grounds).

In a non-capital case, however, another panel of the Sixth Circuit came to the opposite conclusion.  *See Monzo*, 281 F.3d at 578. Whether a state rule is firmly established and regularly applied is determined at the time of the application at issue.  *Richey*, 395 F.3d at 680.  In analyzing an application filed in February 1994, an earlier panel of the Sixth Circuit determined Rule 26(B)'s "good cause" provision was not adequate and independent.  The court noted, however, that at the relevant time, the rule was "relatively new and ... it may take some time for the Ohio courts to

-15-

achieve consensus." *White v. Schotten*, 201 F.3d 743, (6th Cir. 2000), overruled on other grounds, *Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005).

The *Monzo* court subsequently analyzed Rule 26(B) in the context of an application for reopening made in 1998. The court stated that decisions of the Ohio Supreme issued shortly after adoption of Rule 26(B) are not helpful, but "the Ohio courts have had several years since then to consider the 'good cause' requirement." After a review of recent Ohio Supreme Court cases, the court concluded the time limitation and "good cause" exception met the standard for being an "adequate and independent" state rule. *Monzo*, 281 F.3d at 578.

*Monzo* controls this case. *Franklin* and *Richey* are distinguishable because they are capital cases involving applications for reopening filed in close proximity to the adoption of Rule 26(B). Accordingly, Rule 26(B) is an adequate and independent state law rule. *Parker v. Bagley*, 1:01CV1672, 2006 WL 2589001 (N.D. Ohio Sept. 6, 2006).

Federal habeas review therefore is barred unless Carter can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. To find "cause" for a procedural default, Carter must show some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 484 (1986). Here, the only explanation he provides is that his appellate counsel did not assert these claims for him on his direct appeal. While ineffective assistance of counsel can be used to demonstrate cause, that ground must also be exhausted. As detailed above, that claim is also procedurally defaulted. Carter does not suggest there was a reason external to the defense that prohibited him from asserting his claims on direct appeal or in a timely manner. He has not

-16-

established cause for failing to comply with the State's procedural rules.

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392 (2004) (citing *Murray*, 477 U.S. at 495-96). Carter does not claim he is innocent of the crimes in the underlying conviction. He simply objects to the consecutive sentences he received. There is no suggestion that a fundamental miscarriage of justice occurred as a result of this procedural default.

## III.  Conclusion

Accordingly, Carter's Motion to Proceed Application to Proceed *In Forma Pauperis* is granted, his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254  is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, this Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.


Date: September 30, 2013                 ____*/s/ John R. Adams*_____
                                          JOHN R. ADAMS
                                          UNITED STATES DISTRICT JUDGE